UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

LINDA HOAK,

    Plaintiff,

vs.

SPINEOLOGY, INC., a corporation,

    Defendant.

Civil Action No.:

NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

In accordance with 28 U.S.C. §§ 1441 and 1446, Defendant Spineology, Inc. ("Spineology"), removes to this Court from the Circuit Court of Cook County Illinois, County Department, Law Division, the above-titled action commenced by Plaintiff Linda Hoak on the following grounds:

**FACTUAL BACKGROUND**

1. Plaintiff filed this action against Spineology in the Circuit Court of Cook County Illinois, County Department, Law Division, on September 30, 2022, by the filing of a Complaint at Law (the "State Court Action"). Pursuant to 28 U.S.C. § 1446, a copy of the Complaint is attached hereto as **Exhibit A**.

2. The Complaint alleges various product liability and warranty claims related to an Spineology Elite Expandable Interbody Fusion System implanted on October 15, 2020, which was later removed.

3. Plaintiff contends that, as a result of the device, she "suffered and in the future will suffer sever and permanent injuries; . . . a loss of a normal life; . . . prolonged physical and mental

1

pain and suffering; . . . [and] permanent disability and/or disfigurement;" and that Plaintiff was liable for "medical, hospital care and treatment" and incurred expenses, including "wage loss, and in the future will be forced to incur additional expenses." (*See* Compl. Count I ¶ 8, Count II ¶7, Count I ¶ 9.)

4. While not clear, it appears the Complaint asserts claims for failure to warn, manufacturing defect, design defect—sounding in both negligence and strict liability—and a claim for breach of implied warranty of merchantability. (*See* Compl.).

5. While Spineology disputes that it is liable for any of Plaintiff's alleged damages, the operative Complaint furnished by Plaintiff confirms that the subject device is the Elite™ Expandable Lumbar Interbody Fusion System.

6. According to the Service of Process Transmittal Summary filed in the State Court Action and attached with Exhibit A, Spineology was served with the Summons and Complaint by way of registered agent on October 5, 2022.

7. Service upon Spineology was therefore complete on October 5, 2022. *See* 735 ILCS 5/2-202.

8. On November 2, 2022, Spineology filed a Notice of Appearance in the State Court Action. A copy of Spineology's Notice of Appearance is attached hereto as **Exhibit B.**

9. The Complaint was the first pleading, notice, order or other paper from which it could be ascertained that this action is removeable.

## DIVERSITY JURISDICTION

10. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds $75,000, exclusive of interests and costs.

**Diversity of Citizenship Exists**

11. Plaintiff filed this action in Illinois. (*See* Compl.)

12. Spineology is a Delaware corporation having its principal place of business in Minnesota.

13. Diversity of citizenship therefore exists between Plaintiff and Spineology.

**The Amount in Controversy is Satisfied**

14. Plaintiff failed to plead the precise amount of her alleged damages. However, Spineology can establish that it appears "to a reasonable probability, that the amount in controversy" exceeds $75,000 as required under 28 U.S.C. § 1332. *Chase v. Shop "N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

15. Plaintiff contends that, as a result of the device, she "suffered and in the future will suffer sever and permanent injuries; . . . a loss of a normal life; . . . prolonged physical and mental pain and suffering; . . . [and] permanent disability and/or disfigurement;" and that Plaintiff was liable for "medical, hospital care and treatment" and incurred expenses, including "wage loss, and in the future will be forced to incur additional expenses." (*See* Compl. Count I ¶ 8, Count II ¶7, Count I ¶ 9.)

16. Based on the alleged injuries, the preponderance of the evidence establishes that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required for original jurisdiction in this Court. *See Haudrich v. Howmedica, Inc.*, 662 N.E.2d 1248, 1257 (Ill. 1996) (Trial court did not abuse its discretion in awarding over $1.2 million in damages for pain and suffering, disability and disfigurement, and future medical expenses to patient who had received implant of defective knee prosthesis which failed in under three years and as result was required to undergo revision surgery.); *McKasson v. Zimmer Mfg. Co.*, 299 N.E.2d 38, 46 (Ill. App. Ct.

3

1973) ($175,000 verdict for "medical expenses" and "pain and suffering" in action against manufacturer where intramedullary rod broke while implanted in the plaintiff's femur.); *see.*, *e.g.*, *McCoy by Webb v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) (A commonsense reading of the complaint supported the conclusion that the plaintiffs were seeking in excess of $75,000 in damages in their products liability suit where the plaintiff alleged a car crash resulted in "lasting and permanent injuries," severe pain, emotional distress, disability, lost value and enjoyment of life, future loss of income, medical expenses, loss of normal life, disfigurement, and paralysis.); *Fields v. Jay Henges Enters., Inc.*, No. 06-323-GPM, 2006 WL 1875457, *5 (S.D. Ill. June 30, 2006) (finding that a negligence complaint alleging chronic painful skin disease, pain and suffering, past and future medical expenses, and lost earnings should have put the defendants on notice that the amount in controversy exceeded $75,000).

17. The amount in controversy requirement is therefore satisfied.

**TIMELINESS OF REMOVAL**

18. This Notice of Removal is timely in accordance with 28 U.S.C. § 1446(b)(1), because it is filed with thirty days of Plaintiff effectuating service.

19. This Notice of Removal is also timely in accordance with 28 U.S.C. § 1446(c), because it is filed less than one year after commencement of the action.

**VENUE**

20. Venue of this removal is proper under 38 U.S.C. § 1446(a) because this Court is the United States District Court for the district and division embracing the place where the action is pending.

## PAPERS FROM REMOVED ACTION

21. As required by 28 U.S.C. § 1446(a) and Local Rule 5.1(e), all process, pleadings, and orders served on or by Defendants in the action are attached hereto as **Exhibit A.**

## NOTICE OF FILING NOTICE OF REMOVAL

22. In accordance with 28 U.S.C. § 1446(d) and to effect removal, Defendants are filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County Illinois, County Department, Law Division.

23. Spineology has thus satisfied the requirements for removal under 28 U.S.C. § 1446 and all applicable rules.

## CONCLUSION

WHEREFORE, Defendant Spineology, Inc. respectfully submits that the captioned action is now removed from the State Court and is properly before this Court. In so doing, Spineology makes no admission of liability and expressly reserves all defenses, motions, and pleas, including, without limitation, objections to the sufficiency of Plaintiff's pleadings

Dated: November 2, 2022              Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

*/s/ Jenny A. Covington*
Jenny A. Covington (Bar No. 6331107)
Nelson Mullins Riley & Scarborough LLP
1600 Utica Avenue South, Suite 750
Minneapolis, MN 55416
Telephone: (612) 464-4500
Facsimile: (612) 255-0739
jenny.covington@nelsonmullins.com
allison.abbott@nelsonmullins.com

**ATTORNEYS FOR DEFENDANT SPINEOLOGY, INC.**

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 2nd day of November 2022, a true and correct copy of the foregoing was served upon the following via E-mail and FedEx:

GOLDSTEIN, FLUXGOLD & BARON, P.C.
Cindy G. Fluxgold
33 North Dearborn Street, Suite 950
Chicago, Illinois 60602
gfblaw@gfblaw.net

                                                            */s/ Jenny A. Covington*